UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVARON MORRIS,

       Petitioner,

                                 CASE NO. 12-13598
v.                                HONORABLE GEORGE CARAM STEEH

JEFFREY WOODS,

       Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT, DENYING PETITIONER'S MOTION FOR SUMMARY
DISPOSITION, DENYING PETITIONER'S "MOTION OF REBUTTAL,"
DENYING PETITIONER'S APPLICATION FOR APPOINTMENT OF
COUNSEL, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Lavaron Morris has filed a <u>pro se</u> habeas corpus petition challenging

his 1989 Oakland County conviction for first-degree murder.  Respondent urges the

Court to dismiss the petition as untimely.  The Court agrees with respondent that

petitioner did not comply with the one-year statute of limitations and that he is not

entitled to equitable tolling of the statute.  Consequently, the habeas petition will be

dismissed as time-barred.  A procedural history and discussion follow.

**I.  BACKGROUND**

This case arises from the fatal shooting of Salaam Googgo in Southfield,

Michigan in 1988.  After petitioner was taken into custody in Detroit on an unrelated

matter, he asked to speak with investigators about Googgo's death.  He ultimately

admitted to Southfield police officers that someone had offered to pay him $10,000 to

kill Googgo and that he subsequently solicited two men to kill Googgo.  Although

petitioner later attempted to suppress his confession, the trial court determined that his

confession was voluntary.  Petitioner was then tried before a jury in Oakland County

Circuit Court, and on October 19, 1989, the jury found him guilty, as charged, of first-

degree murder, Mich. Comp. Laws § 750.316.  The trial court sentenced petitioner to

mandatory life imprisonment without the possibility of parole.

On appeal from his conviction, petitioner argued that (1) his confession was

involuntary, (2) the police prevented his attorney from communicating with him while he

was in custody, (3) he was denied effective assistance of counsel when his attorney

failed to excuse a juror, and (4) the cumulative effect of errors deprived him of a fair

trial.  The Michigan Court of Appeals found no merit in these claims and affirmed

petitioner's conviction in an amended per curiam opinion.  See People v. Morris, No.

123770 (Mich. Ct. App. Nov. 4, 1992) (unpublished).  On July 23, 1993, the Michigan

Supreme Court denied leave to appeal.  See People v. Morris, 505 N.W.2d 580 (Mich.

1993) (table).[1]

Many years later, on October 6, 2010, petitioner filed a motion for relief from

judgment in the trial court.  He argued that:  (1) he was denied a visit with counsel

before he gave a written statement to the police; (2) there was insufficient evidence to

support his conviction; (3) trial counsel was ineffective for failing to move for a directed

verdict of acquittal and for failing to object to the admission of his tainted confession;

---

[1] Justice Charles L. Levin and then-Chief Justice Michael F. Cavanagh voted to appoint counsel to prepare a supplemental brief in support of the application for leave to appeal.

-2-

(4) appellate counsel failed to raise several significant issues in the appeal of right; and

(5) he was innocent of first-degree murder.  The trial court determined that petitioner

was not entitled to the requested relief, and the Michigan Court of Appeals denied leave

to appeal for failure to establish entitlement to relief under Michigan Court Rule

6.508(D).  See People v. Morris, No. 305100 (Mich. Ct. App. Nov. 8, 2011)

(unpublished).  On June 25, 2012, the Michigan Supreme Court denied leave to appeal

for the same reason.  See People v. Morris, 815 N.W.2d 488 (Mich. 2012) (table).

 On or about August 9, 2012, petitioner signed his habeas corpus petition, and on

August 14, 2012, the Clerk of the Court received the petition and filed it.  Petitioner

appears to be claiming that he was denied a visit by his attorney while he was in

custody and interrogated in Detroit and that he was not arraigned within a reasonable

amount of time.

 Respondent argues in a motion for summary judgment and dismissal of the

petition that substantive review of petitioner's claims is barred by the statute of

limitations.  Petitioner replies in a motion for summary disposition that respondent

should have addressed the merits of his claims.  And in a "motion for rebuttal," petitioner

asks the Court not to dismiss his petition as untimely.

 Petitioner contends in his "motion for rebuttal" that he was not permitted to

consult with retained counsel for five days and five nights and that he was arraigned

illegally.  Petitioner also alleges that his appellate attorney was ineffective.  Finally,

petitioner appears to allege that he has new and reliable evidence that the Federal

Government investigated the Detroit Police Department in 2002 and determined that

the police department had a practice of engaging in unconstitutional arrests and

detentions.

## II.  DISCUSSION

### A.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this

case because the habeas petition was filed after AEDPA was enacted in 1996.  Muniz

v. Smith, 647 F.3d 619, 622 (6th Cir. 2011) (citing Lindh v. Murphy, 521 U.S. 320, 326-

27 (1997)), cert. denied, __ U.S. __, 132 S. Ct. 1575 (2012).  AEDPA established a

one-year period of limitation for state prisoners to file their federal habeas corpus

petitions.  Wall v. Kholi, __ U.S. __, __, 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. §

2244(d)(1)).  The limitations period runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such State
> action;
>
> **(C)** the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1)(A) - (D).  The limitations period is tolled "during the pendency of

a 'properly filed application for State post-conviction or other collateral review with

-4-

respect to the pertinent judgment or claim.'" <u>Kholi</u>, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

     Petitioner's conviction became final in 1993 when his direct appeal to the state courts came to an end and the deadline for seeking review in the United States Supreme Court expired. <u>Gonzalez v. Thaler</u>, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012). Because his conviction became final before AEDPA's statute of limitations became effective on April 24, 1996, petitioner was entitled to a one-year grace period to file a habeas petition. <u>Stokes v. Williams</u>, 475 F.3d 732, 733-34 (6th Cir. 2007) (citing <u>Griffin v. Rogers</u>, 399 F.3d 626, 632 (6th Cir. 2005)). He had until April 23, 1997, to file his habeas petition. <u>Id</u>.

     Petitioner did not file his habeas petition until 2012. And even though the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), petitioner did not file his motion for relief from judgment until October 6, 2010. By then, the statute of limitations had already expired. The filing of the motion did not revive the limitations period or re-start the clock at zero and, therefore, it did affect the statute of limitations. <u>Vroman v. Brigano</u>, 346 F.3d 598, 602 (6th Cir. 2003) (quoting <u>Rashid v. Khulmann</u>, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)); <u>Hargrove v. Brigano</u>, 300 F.3d 717, 718 n.1 (6th Cir. 2002). In other words, "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." <u>Rashid v. Khulmann</u>, 991 F. Supp. at 259.

     In his "motion of rebuttal," petitioner appears to argue in favor of a delayed start to the limitations period based on the discovery of new evidence. <u>See</u> 28 U.S.C. §

2244(d)(1)(D) (The limitations period can run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."). But the allegedly new evidence on which petitioner relies is a report that apparently finds fault with the Detroit Police Department for engaging in unconstitutional arrests and detention. Petitioner does not say when he discovered this evidence or how it is relevant to his case, and even if the report is true, it does not explain why petitioner failed to file his habeas petition sooner. The Court therefore concludes that petitioner is not entitled to a delayed start to the limitations period on the basis of newly discovered evidence. His habeas petition is untimely, absent equitable tolling.

### B. Equitable Tolling

The habeas statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, __, 130 S. Ct. 2549, 2560 (2010). But a habeas "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" Keeling v. Warden, Lebanon Corr. Inst. 673 F.3d 452, 462 (6th Cir.) (quoting Ata v. Scutt, 662 F.3d 736, 741 (6th Cir. 2011)), cert. denied, __ U.S. __, 133 S. Ct. 141 (2012).

Petitioner has not been diligent in pursuing his claims, and he has not shown that some extraordinary circumstance prevented him from filing a timely habeas petition. He

does allege that he lacked knowledge and was ignorant of federal habeas corpus review.  See Pet. for Writ of Habeas Corpus, page 3.  But "'ignorance of the law alone is not sufficient to warrant equitable tolling.'"  Ata v. Scutt, 662 F.3d at 743 n. 7 (quoting Griffin v. Rogers, 399 F.3d at 637) (quoting Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991)).  And to the extent that petitioner may be asserting a claim of actual innocence, the contention lacks merit because petitioner has not supported his claim with any new and reliable evidence of actual innocence.  Sclup v. Delo, 513 U.S. 298, 324 (1995); Bell v. Howes, 703 F.3d 848, 854-55 (6th Cir. 2012); Cleveland v. Bradshaw, 693 F.3d 626, 631-36 (6th Cir. 2012); Souter v. Jones, 395 F.3d 577, 600-01 (6th Cir. 2005).

### III.  CONCLUSION

Petitioner filed his petition beyond the one-year limitations period, and he is not entitled to equitable tolling of the statute of limitations.  Consequently, respondent's motion for summary judgment and dismissal of the habeas petition [dkt. #10] is **GRANTED,** and the habeas petition [dkt. #1] is **DISMISSED** with prejudice.

Petitioner's motion for summary disposition [dkt. #13] is **DENIED** because respondent was not required to address the merits of petitioner's claims in his motion for summary judgment.  Petitioner's "motion of rebuttal" [dkt. #12] is **DENIED** because petitioner has not adequately rebutted respondent's argument that the habeas petition is time-barred.  Petitioner's application for appointment of counsel [dkt. #7] is **DENIED** because he has no right to counsel on habeas review, Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002), and the interests of justice do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B).

The Court declines to issue a certificate of appealability because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Finally, petitioner may not proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal if he chooses to appeal this decision because, even though he was granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in the District Court, an appeal could not be taken in good faith.  Fed. R. App. P. 24(a)(3)(A).

Dated:  April 1, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 1, 2013, by electronic and/or ordinary mail and also on Lavaron Morris #205193, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

s/Barbara Radke
Deputy Clerk