UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVARON MORRIS,

    Petitioner,

                                    CASE NO. 12-13598
v.                                    HONORABLE GEORGE CARAM STEEH

JEFFREY WOODS,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR REHEARING

On August 14, 2012, petitioner Lavaron Morris filed a *pro se* habeas corpus petition challenging his 1989 Oakland County conviction for first-degree murder. Respondent Jeffrey Woods moved for summary judgment and dismissal of the petition on the ground that petitioner did not comply with the one-year statute of limitations. The Court agreed with respondent and dismissed the habeas petition as time-barred on April 1, 2013. Currently pending before the Court is petitioner's motion for rehearing.

This Court's Local Rules provide that,

> [g]enerally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3) (E.D. Mich. Mar. 1, 2010). " 'A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain.' " *Hawkins v. Genesys Health*

*Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp.2d 714, 718 (E.D. Mich. 2001)).

In his motion for rehearing, petitioner appears to allege that he is entitled to a decision on the merits of his habeas claims because he was denied access to an attorney in 1988 while he was detained in jail. Petitioner claims that the denial of access to an attorney for five days of illegal interrogations resulted in a coerced confession and meets the standard for establishing a credible claim of actual innocence.

The Supreme Court recently held that actual innocence, if proved, serves as a gateway through which a petitioner may pass when the impediment to consideration of the merits of a prisoner's constitutional claims is the expiration of the statute of limitations. *See McQuiggin v. Perkins*, __ U.S. __, __, 133 S. Ct. 1924, 1928 (2013). But to be credible, a petitioner must support a claim of innocence "with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Sclup v. Delo*, 513 U.S. 298, 324 (1995). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 133 S. Ct. at 1928 (quoting *Sclup v. Delo*, 513 U.S. at 329).

Petitioner has not presented the Court with any new and reliable evidence of actual innocence. In fact, the trial court and the Michigan Court of Appeals fully litigated his argument that his confession was coerced. *See People v. Morris*, No. 123770, at 1-

2 (Mich. Ct. App. Nov. 4, 1992). Furthermore, whether a confession was voluntary goes to its admissibility, *United States v. Brown*, 617 F.3d 857, 860 (6th Cir. 2010), not to whether the petitioner is actually innocent. *See Jordan v. Sec'y Dep't of Corr.*, 485 F.3d 1351, 1358 (11th Cir. 2007) (stating that, "[a] defendant's Fifth and Fourteenth Amendment right not to be forced to confess or forced 'to be a witness against himself,' U.S. Const. Amend. V, is not a prerogative of the innocent. It is a privilege available even to the guiltiest of the guilty").

In conclusion, petitioner has not made a credible showing of "actual innocence," and he has failed to show that the Court made a palpable defect when it concluded that his habeas petition was time-barred. Consequently, plaintiff is not entitled to consideration of the merits of his habeas claims, and his motion for rehearing (Doc. No. 16) is **DENIED**.

Dated: August 8, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 8, 2013, by electronic and/or ordinary mail and also on Lavaron Morris #205193, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

s/Barbara Radke
Deputy Clerk