UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVARON MORRIS,

       Petitioner,

                                            CASE NO. 12-13598
v.                                      HONORABLE GEORGE CARAM STEEH

JEFFREY WOODS,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO VACATE AND TO RE-ISSUE THE JUDGMENT (Dkt. #24)

### I. Background

On August 14, 2012, petitioner Lavaron Morris filed a pro se habeas corpus petition challenging his 1989 Oakland County conviction for first-degree murder. Respondent Jeffrey Woods moved for summary judgment and dismissal of the petition on the ground that petitioner did not comply with the one-year statute of limitations. The Court agreed with respondent and dismissed the habeas petition as time-barred on April 1, 2013.

On April 18, 2013, petitioner filed a motion for rehearing. On August 8, 2013, the Court denied petitioner's motion and mailed a copy of its order to petitioner at the Chippewa Correctional Facility in Kincheloe, Michigan. On August 9, 2013, the order was entered on the docket.

Petitioner alleges that, due to an institutional transfer, he did not receive the Court's order denying his motion for rehearing until February 27, 2014. He

-1-

subsequently filed a notice of appeal, but voluntarily dismissed the appeal when the Court of Appeals ordered him to show cause why his appeal should not be dismissed as untimely.

Currently pending before the court is petitioner's motion to vacate and re-issue its judgment so that he can file a timely appeal from the Court's judgment. Petitioner signed and dated the pending motion on May 8, 2014.

## II. Analysis

A party in a civil case ordinarily must file a notice of appeal within 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). Petitioner clearly missed this deadline when he filed his notice of appeal on March 5, 2014, several months after the Court denied his time-tolling motion for rehearing.

A district court nevertheless may extend the time to file a notice of appeal if a party moves for an extension of time no later than 30 days after the time for filing an appeal expires and the party "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). In other words, a party has "up to 60 days after entry of judgment, but no later than that" to move for an extension of time. Beard v. Carrollton R.R., 893 F.2d 117, 120 (6th Cir. 1989). "Time limits such as these are strictly enforced." Id. (citing Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir. 1989)).

Petitioner did not move to extend the time for filing an appeal, and, even if his motion to vacate the judgment were construed as a motion to extend the time to file an appeal, the motion was filed more than 60 days after the Court denied petitioner's motion for rehearing. Thus, petitioner is not entitled to an extension of time under Appellate Rule 4(a)(5).

District courts also have authority to re-open the time for filing an appeal. See Fed. R. App. P. 4(a)(6). This rule, however, applies

> only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6)(A) - (C). Rule 4(a)(6) " 'is intended to reduce substantially the risk that any opportunity to appeal will be forfeited by failure to receive notice of the entry of judgment.' " *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 369 (6th Cir. 2007) (quoting 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3950.6 (3d ed.1999)).

Petitioner claims that he did not receive the Court's order denying his motion for rehearing until February 27, 2014.[1] Thus, the first element of the test for re-opening the time to file an appeal is satisfied.

---

[1] By way of explanation, petitioner claims that he was transferred from Chippewa Correctional Facility in Kincheloe, Michigan to Muskegon Correctional Facility in Muskegon, Michigan while his motion for rehearing was pending before the Court. Because there was no notice of a change of address on file, the Court mailed its order denying the motion for rehearing to petitioner at the Chippewa facility. *See* certificate of service appended to the Order Denying Petitioner's Motion for Rehearing, Dkt. #19. And, according to petitioner, state officials at the Chippewa facility failed to forward the order to him at his present location in Muskegon. He received a copy of the order after he asked the Clerk of the Court about the status of his motion.

The second element of the test requires looking at when the motion to re-open was filed.  It must be filed within 180 days of when the order in question was entered on the docket or within 14 days after the moving party received notice of the order, whichever is earlier.  The earlier of these two dates was approximately February 9, 2014, that is, 180 days after August 9, 2013, when the order denying petitioner's motion for rehearing was entered on the docket.  The later of the two dates would be March 13, 2014, which was fourteen days after petitioner allegedly received a copy of the order's order denying his motion for rehearing.

Petitioner did not move to vacate the Court's judgment until May of 2014.  Thus, under either scenario, petitioner has failed to satisfy the second element of the test for re-opening the judgment.  The Court need not determine whether any party would be prejudiced by re-opening the judgment, because petitioner has not satisfied both of the other two elements of the test.  Thus, the time to file an appeal will not be re-opened under Rule 4(a)(6).

To summarize, petitioner is not entitled to an extension of time to file an appeal, and he may not have the time to file an appeal re-opened.  Therefore, his motion to vacate and re-issue the judgment (Dkt. #24) is **DENIED**.

Dated:  November 24, 2014

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 24, 2014, by electronic and/or ordinary mail and also on Lavaron Morris #205193, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

s/Barbara Radke  
Deputy Clerk